1 F.3d 1231
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Wendell E. TUCKER, et al., Plaintiffs, Appellants,
v.
TOWN of Winterport, Defendant, Appellee.
 No. 93-1234.
 United States Court of Appeals,
First Circuit.
 July 29, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE
 Charles W. Hodsdon, II, on brief for appellants.
 Richard D. Violette, Jr., on brief for appellee.
 D.Me.
 AFFIRMED.
 Before Cyr, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 The appellants are residents of Winterport, Maine. All own property near a site on which the Town of Winterport stored salt and sand to be used for highway snow removal. According to the appellants, salt and other contaminants from the pile polluted their properties, damaging their plumbing and making their well water unfit for consumption by people or animals.
 
 
 2
 The appellants sued the Town and the contractor who maintained the pile of salt and sand. They filed this lawsuit in a state court, alleging violations of the Maine Tort Claims Act, 14 M.R.S.A. Sec. 8101 et seq. The appellants later amended their complaint to include a claim under 42 U.S.C. Sec. 1983, on the basis of which the defendants removed the lawsuit to federal court. The defendants then moved for summary judgment on the Section 1983 claim. A magistrate-judge recommended giving summary judgment to the defendants and the district court accepted the recommendation. It granted judgment to the defendants on the Section 1983 claim, and remanded the outstanding state law claims to the state court. This appeal followed. Finding no "substantial question" about the correctness of the district court's decision, we summarily affirm. See First Circuit Local Rule 27.1.
 
 
 3
 The magistrate-judge's recommended decision was based on his understanding that the appellants' Section 1983 claim alleged a "taking of their property without compensation in violation of the Fifth Amendment." The magistrate-judge reasoned that the salt pollution at issue here was not a "taking" because it only diminished, but did not totally destroy, the value of the appellants' land. See Ortega Cabrera v. Municipality of Bayamon, 562 F.2d 91, 101 (1st Cir. 1977). The district judge apparently accepted this reasoning.
 
 
 4
 We affirm the grant of summary judgment without reaching this issue because we find that, whether or not a "taking" has occurred, the appellants' Section 1983 claim is not ripe for adjudication. "The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 194 (1985). If state law makes "reasonable, certain and adequate" provision for relief, a "property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." Id. at 194-95.
 
 
 5
 Nothing in the record here gives us reason to believe that the appellants have yet resorted to state process and failed to obtain just compensation. Nor have the appellants shown us that the state's procedures are inadequate. See Gilbert v. City of Cambridge, 932 F.2d 51, 65 (1st Cir. 1991) (property owner who claims a taking in federal court without first exhausting state remedies has the burden of proving the inadequacy of those remedies). The appellants' own amended complaint suggests that they hold out hope of recovery under the Maine Tort Claims Act. We note, too, that although Maine does not have a statutory inverse condemnation remedy, see Lerman v. City of Portland, 675 F.Supp. 11, 15-16 (D.Me. 1987), the Maine Supreme Judicial Court-in a case that also involved pollution caused by salt used for highway snow removal-has created a nonstatutory right of action on behalf of property owners subjected to a taking. Foss v. Maine Turnpike Authority, 309 A.2d 339, 343-45 (Me. 1973). We have held that a property owner must pursue such a nonstatutory remedy before he can maintain a federal damages claim under the Fifth Amendment. Culebras Enterprises Corp. v. Rivera Rios, 813 F.2d 506, 515 (1st Cir. 1987).
 
 
 6
 To sum up, because the plaintiffs have neither availed themselves of state procedures for obtaining just compensation, nor demonstrated the inadequacy of such procedures, their takings claim is unripe and was properly dismissed.
 
 
 7
 Affirmed.